UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PETREY,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A., a national association,<br><br>    Defendant. | No. 2:17-cv-00503-TLN-DB<br><br>**ORDER DENYING *EX PARTE* APPLICATION** |

This action involves a foreclosure sale of real property, located at 27517 Edwards Ave., Escalon, CA, 95320. (*See* Compl., ECF No. 1.) Plaintiff Arthur Petrey ("Plaintiff") filed an *ex parte* application to consolidate the instant action and a state court action pending in San Joaquin County Superior Court. (ECF No. 14) In the alternative, Plaintiff seeks an "order allowing a hearing on shortened notice for their motion to consolidate cases and a temporary restraining order and order to show cause halting further action in the UD Action." (ECF No. 14 at 2.)

In the first instance, Plaintiff seeks to consolidate the instant action with a pending state court action denominated *Wells Fargo Bank N.A. v. Arthur Petrey, et al.*, Case No. MAN-CV-LUDR-2017-00349. In support of this argument, Plaintiff cites to California Civil Code of Procedure § 1048, which allows courts to consolidate actions for the purposes of judicial economy when they are sufficiently related. However, Federal Rule of Civil Procedure 42 is the

equivalent federal rule governing consolidating cases in federal court.  Plaintiff fails to explain why the Court would apply the California procedural law rather than Federal Rule of Civil Procedure 42.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (a federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits except on procedural issues and on matters governed by the United States Constitution or federal statutes).  Even so, neither California Code of Civil Procedure § 1048 nor Federal Rule of Civil Procedure 42 permits the Court to consolidate the given actions.  Both rules specify that a court may consolidate actions *before it*, necessarily implying an initial requirement that the actions be in the same court in order to consolidate.  This appears to be an attempt to put an unusual spin on removal for which no authority has been offered.  Indeed, it is far from clear that the state court action could be removed.  Plaintiff has not demonstrated the Court would have original jurisdiction over the state court case and the Court will not conduct a *sua sponte* review where no such argument is made.  In short, the Court is aware of no legal bases allowing a federal court to pluck an action out of state court because it suits the Court or because the Court thinks it would be better for everyone if it did.

In order to resolve all issues, the Court will also discuss Plaintiff's alternative request for a temporary restraining order staying the state court action.  The instant request is subject to the Anti-Injunction Act, 28 U.S.C. § 2283, which provides: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Unless the sought-after injunction "falls within one of [the] three specifically defined exceptions" the Anti-Injunction Act serves as an "absolute prohibition against enjoining state court proceedings." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970).  "[E]xceptions to the Anti-Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Plaintiff has made no effort to show any of these exceptions apply.  Consequently, the Court cannot find a stay is warranted or that Plaintiff is entitled to a TRO.

For the above stated reasons, Plaintiff's *ex parte* application to consolidate or in the alternative issue a TRO staying the state court proceedings (ECF No. 14) is hereby DENIED.

IT IS SO ORDERED.

Dated: July 13, 2017

Troy L. Nunley
United States District Judge