Leigh O. Curran (SBN 173322)
lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
301 N. Lake Ave., Suite 1100
Pasadena, CA 91101-4158
Tel: (626) 535-1900  Fax: (626) 577-7764

Attorneys for Defendants
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage, FSB,
f/k/a World Savings Bank, FSB

Any Moskovian (SBN 313476)
any.moskovian@raandassociates.com
RA & ASSOCIATES, APC
505 N. Brand Blvd., Ste. 800
Glendale, CA 91203
Tel: (818) 230-3220

Attorneys for Plaintiffs
Arthur Petrey and Mary Eck-Petrey

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARTHUR PETREY,<br><br>         Plaintiff,<br>     v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1-100 inclusive,<br><br>         Defendants. | No. 2:17-cv-00503-TLN-DB<br><br>**AMENDED STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

The parties, plaintiffs Arthur Petrey and Mary Eck-Petrey and defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through their attorneys of record, stipulate and agree:

1. This action concerns plaintiffs' allegations that Wells Fargo engaged in wrongdoing with respect to a modification of their mortgage loan and foreclosure proceedings.

2. Plaintiffs have requested that Wells Fargo produce documents, information, and recordings that Wells Fargo believes constitute or contain "trade secret or other confidential research, development, or commercial information" as described in Federal Rule of Civil Procedure 26(c)(1)(g). For competitive and privacy reasons, these documents, information, and recordings are normally kept confidential by Wells Fargo.

3. The materials proposed to be covered by this Protective Order may include, without limitation, policies, procedures, guidance, and written and verbal communications relating to origination, servicing, modification, and foreclosure activities with respect to the subject loan.

4. The need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties, because disclosure of the information outside of this litigation would put Wells Fargo at a competitive disadvantage and because such documents and information may be shared with experts, consultants, and litigation-related vendors.

5. The parties agree that good cause exists to protect the confidential nature of the information contained in documents, recordings, discovery responses, or deposition testimony. Accordingly, pursuant to L.R. 141, the parties stipulate and agree to entry of the Protective Order below.

Dated: March 12, 2019     ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s *Leigh O. Curran*
Leigh O. Curran
Attorneys for Defendants WELLS FARGO BANK, N.A.

Dated: March 12, 2019     RA & ASSOCIATES, APC

By: /s *Any Moskovian*
(as authorized on March 12, 2019)
Any Moskovian
Attorneys for Plaintiffs ARTHUR PETREY AND MARY ECK-PETREY

## **PROTECTIVE ORDER**

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so, and any other information that cannot reasonably be so marked can be indicated as "Confidential" by separate communication.

4. If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
> SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE
> PERSON DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE
> ORDER.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5. If a party desires to file a document that another party has designated "Confidential" or that contains information derived from a "Confidential" document, the party shall seek a sealing order by making a "Notice of Request to Seal Documents" in compliance with Local Rule 141. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a party desires to file a transcript containing any such material with the Court, the party shall seek a sealing order as described in paragraph 5 and the transcript shall be marked as described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" under the expiration of the thirty-day period.

7. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except after compliance with paragraphs 4 and 5. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8. Use of any information, documents, or portions of documents marked "Confidential" including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

     d.     Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

     e.     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

     f.     The authors and the original recipients of the documents.

     g.     Any court reporter or videographer reporting a deposition.

     h.     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the ligation of this action.

9.     Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as <u>Exhibit A</u>.

10.     Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designed in paragraph 8, as appropriate, for that portion of the depositing, hearing or pre-trial proceeding.

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order convers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's

designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the documents, testimony, or other material as "Confidential". The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

14. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of material shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall serve the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

93000/BR2235/02251187-6         7         NO. 2:17-CV-00503-TLN-DB
STIPULATED PROTECTIVE ORDER

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: March 15, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\petrey0503.stip.prot.ord

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have been advised by counsel of record for _____ in *Arthur Petrey v. Wells Fargo Bank, N.A.*, Eastern District of California Case No. 2:17-cv-00503-TLN-DB of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Print Name

_____
Date

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP